IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY SMITH, | ) | No. C 14-02897 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| DENISE REYES, et. al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner at San Quentin State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint with leave to amend to attempt to state a cognizable claim for relief. (Docket No. 4.) Plaintiff's amended complaint is before the Court for an initial review. (Docket No. 6.)

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff claims that during July and August 2013, he was experiencing "discomfort in [his] toes/heels, night sweat, cough, breathing problem" that was causing him "discomfort and inability to sleep at night." (Am. Compl. at 3.) He claims that Defendant Nurse Dela Cruz saw his medical slips but never examined him. (Id.) After the third time, Nurse Dela Cruz informed him that he had been referred to Defendant Dr. Reyes. (Id.) Then during December 2013, Plaintiff claims he saw Dr. Reyes who refused to discuss or examine his toes, and that Dr. Tootell refused to give him tests for his night-time maladies. (Id.) Plaintiff claims that he continued to experience "discomfort in toes," and that Defendant Dela Cruz refused to treat or examine his toes. (Id.)

In dismissing Plaintiff's original complaint, the Court advised him of the following standard in stating a constitutional claim regarding his medical needs. (See Docket No. 4 at 2-3.) Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary

and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Even if we assume that Plaintiff's allegations are true, he fails to state an Eighth Amendment claim because the medical need described is not sufficiently "serious." Plaintiff repeatedly and consistently describes his physical complaint as "discomfort," which cannot be construed as describing a "serious" medical condition. Furthermore, there is no allegation that the failure to provide treatment for his toes or night-time ailments resulted in further significant injury or that the failure to treat resulted in an "unnecessary and wanton infliction of pain." See McGuckin, 974 F.2d at 1059. Lastly, there is no indication that the Defendants actually knew that Plaintiff faced a "substantial risk of serious harm" and yet disregarded that risk by failing to provide reasonable treatment. Farmer, 511 U.S. at 837. Accordingly, the complaint is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1),(2).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).

The Clerk shall terminate any pending motions and close the case.

DATED: 2/10/2015

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
P:\PRO-SE\EJD\CR.14\02897Smith_dism (ftsac).wpd                3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

         Plaintiff,

  v.

DENISE REYES, et al.,

         Defendants.
                                     /

Case Number: CV14-02897 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   2/11/2015  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry Smith H44485
San Quentin State Prison
San Quentin, CA 94974

Dated:   2/11/2015

                                                Richard W. Wieking, Clerk
                                    /s/ By: Elizabeth Garcia, Deputy Clerk